UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BFN Forgings Private Limited<br><br>Plaintiff,<br><br>v.<br><br>United States. | Court No. 26-3865<br><br>Complaint |

## COMPLAINT

Plaintiff BFN Forgings Private Limited, by and through its attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the U.S. Department of Commerce (Commerce) 2023–2024 administrative determination in *Stainless Steel Flanges From India: Final Results of Antidumping Duty Administrative Review; 2023–2024, 91 Fed. Reg. 53843 (August 20, 2026) ("Final Determination") and its accompanying Issues and Decision Memorandum (August 18*, 2026) ("IDM").

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced

under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

**STANDING**

3. Plaintiff BFN Forgings Private Limited is a corporation organized under the laws of India. Plaintiff produced and/or exported stainless steel flanges in India and exported the same to the United States. Plaintiff was an active participant in the Department of Commerce antidumping administrative review and was designated as a mandatory respondent.

4. Pursuant to 19 U.S.C. §1516a(2), Plaintiff is an interested party as defined in 19 U.S.C. §1677(9)(A) as Plaintiff was a party to the proceeding in connection with which this matter arises.

5. Plaintiff has standing under 28 U.S.C. §2631(c) to commence this action.

**TIMELINESS OF THIS ACTION**

6. Plaintiff commenced this action by filing a Summons with this Court on September 3, 2026, which was within thirty days after the date of the publication of the order in the Federal Register on August 20, 2026. Plaintiff is filing this complaint on September 3, 2026, which is within thirty days from the date of the filing of the Summons. In accordance with Rule 6(a) this satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

**THE ADMINISTRATIVE PROCESS**

7. On November 14, 2024, the Department initiated this matter in

response to requests for review filed by Plaintiff and the U.S. domestic industry on October 31, 2024. See *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 FR 89955, dated November 14, 2024.

8. Between January 15, 2025 and June 20, 2025, Plaintiff submitted responses to the Department's questionnaires.

9. On February 18, 2026, the Department published the preliminary results as *Stainless Steel Flanges From India: Preliminary Results of Antidumping Duty Administrative Review; 2023–2024*, 91 Fed. Reg. 7433 (February 18, 2026).

10. On March 27, 2026, Plaintiff filed an administrative case brief with the Department of Commerce challenging the preliminary results.

11. On March 26 and 31, 2026, the U.S. domestic industry filed administrative rebuttal briefs with the Department of Commerce. Plaintiff did not file a rebuttal brief.

12. On August 18, 2026 the Department issued the final results. On August 20, 2026, these results were published in the Federal Register as *Stainless Steel Flanges From India: Final Results of Antidumping Duty Administrative Review; 2023–2024*, 91 Fed. Reg. 53843 (August 20, 2026). In the final results the Department assigned a rate of 50.72% to plaintiff BFN Forgings Private Limited.

## STANDARD OF REVIEW

13. The standard of review of a final determination made by the Department of Commerce in an antidumping duty case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

14. Pursuant to *Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.* 144 S. Ct. 2244 (2024), which struck

down the concept of *Chevron* deference doctrine, the ultimate deference owed to an agency interpretation for new matters is limited and the Court is the ultimate arbitor.

15. This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

**CLAIMS**

**COUNT ONE**

16. The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein.

17. In the Final Determination, Commerce assigned total adverse facts available to Plaintiff based on the asserted totality of claimed deficiencies in Plaintiff's questionnaire responses, without identifying any single deficiency as independently dispositive.

18. Each of the claimed deficiencies identified in the Final Determination is unsupported by substantial evidence on the record as a whole and/or is otherwise not in accordance with law.

19. Commerce's application of total adverse facts available to Plaintiff is unsupported by substantial evidence on the record and otherwise not in accordance with law.

COUNT TWO

21. The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein.

22. Commerce may not apply adverse inferences against a respondent unless it first specifically notifies the respondent of particular concerns with the respondent's questionnaire response and affords the respondent an opportunity to remedy those specific concerns.

23. Commerce failed to provide Plaintiff with the required specific notice of, and opportunity to remedy, the concerns Commerce later relied upon in the Final Determination to apply total adverse facts available.

24. Commerce's application of adverse facts available without first satisfying the statutory notice-and-opportunity-to-remedy requirement is not in accordance with law.

COUNT THREE

25. The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein.

26. In the Final Determination, Commerce cited the volume of supplemental questionnaires issued to Plaintiff, in excess of 200 questions including subparts, as support for its adverse facts available determination.

27. The volume of supplemental questions issued to Plaintiff is not probative of

any deficiency in Plaintiff's responses, is consistent with the ordinary course of Commerce administrative reviews, and does not correspond to the specific issues Commerce identified in the Final Determination.

28. Commerce's reliance on the volume of supplemental questionnaires as a basis for its adverse facts available determination is arbitrary, capricious, and unsupported by substantial evidence on the record.

COUNT FOUR

29. The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein.

30. Commerce's failure to issue additional supplemental questionnaires to Plaintiff on a particular section of the questionnaire, notwithstanding Commerce's practice of doing so in other administrative reviews presenting similar circumstances, constitutes arbitrary and inconsistent treatment of similarly situated respondents.

31. Commerce further acted arbitrarily and capriciously by rejecting, as untimely facts, Plaintiff's citations to Commerce decisions in other proceedings issuing additional supplemental questionnaires, while simultaneously faulting Plaintiff for citing only preliminary and final determinations that did not squarely address the issue.

32. Commerce's contradictory and inconsistent treatment of the supplemental

questionnaire process, including its restriction on Plaintiff's ability to cite Commerce's own prior decisions available on Commerce's ACCESS system, is arbitrary, capricious, and otherwise not in accordance with law.

COUNT FIVE

33. The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein.

34. Commerce failed to satisfy its statutory obligation to issue a preliminary decision that fully explains the basis for its determination so as to afford interested parties a meaningful opportunity to respond.

35. Commerce failed to respond to Plaintiff's written request for an explanation of the preliminary decision, and the statutorily provided ex parte meeting and hearing were rendered meaningless by Commerce's silence and its failure to engage with Plaintiff's arguments.

36. Commerce delayed the Final Determination for many months and, only in the Final Determination itself, articulated for the first time the claimed deficiencies underlying its adverse facts available determination, depriving Plaintiff of any opportunity to address those claims at the administrative level.

37. Commerce's cumulative violations of statutory procedural requirements render the Final Determination not in accordance with law, and Commerce should be estopped from relying on claims and deficiencies it failed to raise at a point when

Plaintiff could have addressed them at the administrative level.

COUNT SIX

38. Commerce's application of adverse facts available to BFN is otherwise not supported by substantial evidence and not otherwise in accordance with law.

**PRAYER FOR RELIEF**

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to five of Plaintiff's complaint;
2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;
3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

/s/ David J. Craven

David J. Craven
Counsel to BFN Forgings Private Limited

Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 709-8506
David.craven@tradelaw.com

Date September 3, 2026